## CALLAGHAN & CO. v. FEDERAL TRADE COMMISSION.

### FRANK SHEPARD CO. v. SAME.

### WEST PUBLISHING CO. et al. v. SAME.

Nos. 38, 39, 40; Docket 19399, 19400, 19401.

Circuit Court of Appeals, Second Circuit.

Aug. 19, 1947.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

Isham, Lincoln & Beale, Cyrus H. Adams and Justin A. Stanley, all of Chicago, Ill., and William M. Sperry 2nd, of New York City, for petitioner Callaghan & Co.

Sullivan & Cromwell, (Arthur H. Dean and Howard T. Milman, of counsel), all of New York City, for petitioner Frank Shepard Co.

Lundgren, Bartels & Lincoln, of New York City, for petitioners West Publishing Co., and others.

W. T. Kelley, General Counsel, Walter B. Wooden, Associate General Counsel, K. E. Steinhauer, Special Attorney, all of Washington, D. C., for Federal Trade Commission.

CHASE, Circuit Judge.

It is well settled that in reviewing an order of the Federal Trade Commission in respect to the sufficiency of the findings upon which it is based our power is limited to the determination of whether there is substantial evidence to support them. It is not enough for the petitioners to persuade us that there was evidence on which the facts as claimed by them might have been found, or inferences favorable to them might have been drawn, by the Commission. Sec. 5(c) of the Federal Trade Commission Act. 15 U.S.C.A. § 45(c) makes all the findings of the Commission which are supported by the evidence conclusive upon us. The existence in the record of substantial evidence to support the findings is a matter which must appear to our satisfaction if the order is to be given effect but the weight to be given established facts and what reasonable inferences may be drawn from them is within the sole province of the Commission. Fed. Trade Comn. v. Pac. States Paper Trade Assn., 273 U.S. 52, 47 S.Ct. 255, 71 L.Ed. 534; Phelps Dodge Refining Corp. v. Federal Trade Comn., 2 Cir., 139 F.2d 393.

The record is extensive, in excess of four thousand printed pages, and no good purpose will be served by trying to isolate and comment upon parts here and there which support or conflict with the findings or some of them. U. S. Malsters Association v. F.T.C., 7 Cir., 152 F.2d 161. A sufficient study of this record has convinced us that, despite such conflicts as are to be found, there is ample evidence to give substantial support to all of the findings on which the order is based.

The contention that the stipulation of facts signed by part of the respondents below was not competent evidence against these petitioners is sound but the point is quite immaterial because it does not appear that this stipulation was improperly used to the disadvantage of these petitioners, the competent evidence in the record, apart from this stipulation, being an adequate basis for the findings now questioned.

Nor do we think that the order itself is vague and uncertain. If it be true, as petitioners argue, that what they did was the result of economic necessity created by the peculiar conditions inherent in the business of publishing and selling law books they are, indeed, fortunate in that each of them will still be free independently to decide for itself what business methods to pursue and each may find that its competitors have independently followed a like course. The order does not forbid anything not the result of concerted planning and makes abundantly clear what may not be done by way of agreement to fix prices and discounts and to stifle competition.

In our opinion the order is valid and enforceable in its entirety except in respect to one petitioner, The Frank Shepard Company. This petitioner publishes and sells its citators exclusively. It does not sell any books published by others. It alone fixed the prices of its own publications and, although its president was active as the president of the American Association of Law Book Publishers and it was a member, it participated in carrying out no agreement as to business methods except to follow in concert with the others the same practice as to allowable discounts which it had established for itself. The order should, therefore, be modified to apply to this petitioner only to the extent that it forbids agreement as to allowable discounts, see Labor Board v. Express Pub. Co., 312 U.S. 426, 433, 61 S.Ct. 693, 85 L. Ed. 930.

As so modified the order is affirmed and the petitions, other than that of The Frank Shepard Company, are dismissed.